James H. Boomer, J.
Plaintiff moves to add as a party defendant an alleged coconspirator. The original party defendant cross-moves to strike the ninth cause of action from the proposed amended complaint, which cause of action alleges the conspiracy.
In substance the cause of action alleges: That the original defendant received a series of loans from the plaintiff bank, which loans were negotiated between that defendant and an employee of the plaintiff. It is this employee the plaintiff seeks to add as an additional party defendant. It is further alleged that the defendant and plaintiff’s employee did conspire and agree ‘‘to defraud plaintiff and deprive plaintiff of its money and property by making such loans of plaintiff’s money to defendant * * * on terms and by means of acts and omissions designed to make certain of such loans uncollectible and unrecoverable by plaintiff. ’ ’ The acts and omissions referred to are spelled out and consist of alleged deliberate violations of certain sections of the Securities and Exchange Act of 1934 and *144 of certain regulations promulgated thereunder, the effect of which violations make the loans to the defendant uncollectible.
These allegations state a cause of action in the nature of a conspiracy to defraud. “ Those who have conspired to perpetrate a fraud and have successfully effectuated the fraud planned will, in a proper case, be liable to the persons who have been defrauded and damaged. * * * As in other cases the gravamen of an action predicated upon a conspiracy to defraud is the fraud, and not the conspiracy. ” (8 N. Y. Jur., Conspiracy, § 13.) Actionable fraud in its broad sense may be committed not only by false misrepresentations, but also by “ any trick, device, or scheme calculated to injure another. ” (24 N. Y. Jur., Fraud and Deceit, § 26.) The ninth cause of action set forth in the amended complaint alleges facts showing a planned fraudulent scheme which has been effectuated to the injury of the plaintiff. These facts state a cause of action against both coconspirators. (See Place v. Minster, 65 N. Y. 89.) “ The rule is firmly established that it is an act of fraud to purchase or secure goods or services with a preconceived intention not to pay for them.” (24 N. Y. Jur., Fraud and Deceit, § 28.) It is no less an act of fraud to procure money as a loan through a fraudulent scheme with the preconceived intention not to repay that loan.
The cross motion to dismiss the ninth cause of action in the amended complaint is denied and the motion to add the alleged coconspirator as a party defendant is granted with leave to serv.e the proposed amended complaint and a supplemental summons. The ad damnum clause in the amended complaint may be amended to request relief against the alleged coconspirator.